# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 23-CR-235 (ADM/DTS) |
| v. | |
| Dominique Lamar Breham (2), | **ORDER** |
| Defendant. | |

This matter is before the Court on Defendant Dominique Lamar Breham's Motion to Reconsider Detention and Re-Open Detention Hearing (Dkt. No. 40). At his initial appearance Mr. Breham waived his detention hearing. (Hr'g Mins., Dkt. No. 10) Mr. Breham waived detention "in part" because of state court holds from Blue Earth County. (Mot. for Recons. Detention 1, Dkt. No. 40.)

Mr. Breham has now apparently resolved his Blue Earth County matters. This means that if the Court denies the Motion of the United States for Detention, Mr. Breham could be released, rather than simply transferred from federal detention to a county jail. Mr. Breham sets forth, in his Motion to Reconsider, the fact of his family ties, particularly to his nine year-old son, his medical and dental needs, and also argues that his criminal record is less probative on the question of detention than it might first appear. (*Id.* at 4.) The United States has responded with information that casts doubt on Mr. Breham's arguments for release. (Resp. in Opp'n, Dkt. No. 42.)

Because Mr. Breham "waived detention" at his initial appearance, there has not been

a detention hearing in this case. Because there was no detention hearing, the issues on which the parties are now contending were not aired in an adversarial proceeding.

A court may order a defendant in a criminal case detained if, after a hearing, it finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's presence in court as required, or if it finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f)(2). At least one magistrate judge in another district has persuasively found that a criminal defendant can no more "waive detention" than they can waive sentencing and proceed to prison voluntarily. *United States v. Donley*, No. 23-CR-511, 2023 WL 6623549 (N.D. Ill., Oct. 11, 2023) (Harjani, Mag. J.). In this case, the undersigned need not resolve whether Mr. Breham can waive detention because this Court finds that the factual and legal disagreements between the United States and Mr. Breham can only be resolved at a hearing. But following Magistrate Judge Harjani's reasoning, the Court notes that it is concerning when, as in this case, a contested detention issue is decided procedurally, by waiver, rather than on the merits, on evidence presented at a hearing that meets the standards of 18 U.S.C. § 3142(f)(2), including representation by counsel (appointed if the person cannot afford a lawyer), and opportunities to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer.

**IT IS HEREBY ORDERED** that a detention hearing will be scheduled for Mr. Breham at which the United States will bear the burden of showing by a preponderance of the evidence that no condition or combination of conditions of release will reasonably

assure Mr. Breham's presence in court as required, or showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

Date: November 20, 2023                    s/ *John F. Docherty*
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge